JEFFREY A. KOBULNICK – Bar No. 228299
MARK D. BRUTZKUS - Bar No. 128102
JOSEPH ROTHBERG – Bar No. 286363
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
E-mail: jkobulnick@ebg-law.com
mbrutzkus@ebg-law.com
jrothberg@ebg-law.com

Attorneys for Plaintiff, Anhing Corporation

FILED

13 JUN 17 PM 3:39

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY:

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ANHING CORPORATION, a California corporation,

Plaintiff,

v.

VIET PHU, INC., a California corporation; AN N CUONG CO., LTD., a Foreign Corporation; and DOES 1-10 ,

Defendants.

CV13- Case No. 4348 PLA

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT (15. U.S.C. § 1114);**

**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15. U.S.C. § 1125(a));**

**(3) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125 (c));**

**(4) COMMON LAW TRADEMARK INFRINGEMENT;**

**(5) CALIFORNIA TRADEMARK DILUTION (Cal. Bus. & Prof. § 14335);**

**(6) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200)**

**DEMAND FOR JURY TRIAL**

/ / /

/ / /

/ / /

/ / /

Plaintiff Anhing Corporation ("Anhing" or "Plaintiff"), by and for its Complaint against Defendants Viet Phu, Inc., An N Cuong Co., Ltd. and DOES 1 through 100, inclusive, (collectively, "Defendants") alleges to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

2. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.

3. This Court has personal jurisdiction over Defendant Viet Phu, Inc. in that they are incorporated in and do business in the State of California.

4. This Court has personal jurisdiction over Defendant An N Cuong Co., Ltd. in that it operates, conducts, engages in, or carries on a business or business venture within this state or has an office or agency within this state.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Viet Phu, Inc. has significant contacts with this judicial district.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this District.

7. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendant Viet Phu, Inc. is a corporation subject to personal jurisdiction in this District.

8. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendant An N Cuong Co., Ltd. is a foreign corporation subject to personal jurisdiction in this District.

## THE PARTIES

9. Plaintiff is a California corporation, organized and operating under the laws of the State of California, having its principal place of business at 418 North Avenue 19, Los Angeles, California 90031.

10. Upon information and belief, Defendant Viet Phu, Inc. ("Viet Phu") is a California corporation with a business address at 2213 N. Park Victoria Drive, Milpitas, California 95035.

11. Upon information and belief, Defendant An N Cuong Co., Ltd. ("An N Cuong") is a foreign corporation doing business in the State of California with a business address at SO 8 Phan, NHUNGKP1 Duong, Dong Phu Quoc, Kien Giang Vietnam, Kien Giang, VN.

12. Upon information and belief, Defendants, at all times pertinent hereto, have directed ongoing and substantial commercial activities in the County of Los Angeles, including without limitation the Central District of California.

13. Plaintiff is ignorant of the true names of capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

14. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned, each of the Defendants was the agent, servant, representative, employee, partner and/or controlling person of the other defendants named herein, and in doing the things herein alleged were acting as agents for each other.

## NATURE OF THE ACTION

15. Anhing has long been a manufacturer and distributor of a wide variety of foods, oils, seasonings and spices in the Asian foods market. In connection therewith,

Anhing is the owner of all rights in and to a family of highly distinctive trademarks which consist of or include a well-known and distinctive design logo of an Asian style sailing boat, more commonly known as a junk ship (the "Anhing Logo"). Anhing uses its Anhing Logo both alone and with the term CARAVELLE, another of Anhing's well-known marks, in the forms shown immediately below (collectively, the "Anhing Marks").

CARAVELLE CARAVELLE

16. Anhing has used its Anhing Marks in interstate commerce for over 30 years in connection with a variety of food products sold throughout the United States. Anhing owns federal trademark registrations for its Anhing Marks, several of which are incontestable, as set forth in more detail below. Moreover, while Anhing's registrations for the Anhing Marks are not limited to a particular color, Anhing has used its Anhing Marks primarily in the color red since 1980, and therefore has established further rights to use of its marks in that color, as shown above.

17. Upon information and belief, Viet Phu, is using an almost identical mark in connection with the distribution and sale of the same types of products as Anhing, including but not limited to fish sauce, in the United States. Viet Phu's mark ("RED BOAT & Design") is shown immediately below.

RED BOAT

18. Upon information and belief, on April 29, 2011 Viet Phu filed an application with the U.S. Patent and Trademark Office ("USPTO"), Serial No. 85/308,962, to register the RED BOAT & Design Mark shown above in connection with fish sauce, claiming first use of that mark in commerce on February 3, 2011. According to available USPTO records, Viet Phu subsequently abandoned that application on July 4, 2012.

19. Viet Phu has been put on notice of Anhing's rights to the Anhing Marks. Notwithstanding, and although Viet Phu abandoned its trademark application, it continued to use, and indeed still uses, the RED BOAT & Design Mark in connection with its fish sauce product.

20. Plaintiff brings this action for trademark infringement, trademark dilution, unfair competition and related offenses arising from Defendants' unlawful use of a confusingly similar variant of Plaintiff's Anhing Marks.

## BACKGROUND FACTS

### A. Anhing's Background, Intellectual Property and Products

21. Anhing was founded in 1980 in Los Angeles by Henry Ly, a hard-working man who came to the United States from Vietnam with little money. The company was founded over three decades ago in Los Angeles to provide a one-service center for all Asian grocery markets in North America. Since then, Anhing, which has always remained and still is a family owned business, has become very successful. Anhing has solidified working relations with over 200 suppliers in thirty countries throughout Southeast Asia and South America, and has full control over its channel of distribution. Anhing has also developed one of the most extensive marketing networks throughout North America, and its sales force network extends from the island of Guam in the South Pacific to the Florida Panhandle. Currently, Anhing's annual revenue exceeds $40 million. Anhing's success has been in large part due to the strength of its brands, including its Anhing Marks.

/ / /

22. By October 1980, Anhing had adopted the Anhing Marks as its primary marks for a variety of quality food products, including but not limited to fish sauce and various other cooking sauces. As indicated above, Anhing also began using its Anhing Marks in the color red by that time.

23. Over the course of more than three decades, both the scope and reach of Plaintiff's food products have enjoyed tremendous growth. The Anhing Marks are not only still used with all of the above-referenced products, but with many others as well, including for example canned soups, broths, meat, and seafood; medicated oil, rice and beans, seasonings and spices; pickled, preserved and dried products; confections; dessert mix; beverages; cosmetic and household products; frozen meats, seafood, fruits and vegetables. Anhing's food products bearing the Anhing Marks are sold in stores across all fifty United States and online to countless numbers of consumers each year via various websites owned by Plaintiff, as well as numerous other third party websites including for example AMAZON.COM, ORIENTALSUPER_MART.COM, PHILAMFOOD.COM, KIMSASIANMARKET.COM and HKFOODMARKET.COM.

24. Anhing owns a number of federal trademark registrations for its Anhing Marks (both alone, and with the term CARAVELLE) with the USPTO, including the following:

a. U.S. Registration No. 1,266,472 for the Anhing Logo, registered February 7, 1984, for use by Anhing in connection with "fish maw and salted turnip," in International Class 29, and "rice, rice paper, rice flake, rice stick, rice vermicelli, dried chills as seasoning spices, tapioca, candies, fish sauce, prawn cracker and coffee," in Class 30;

b. U.S. Registration No. 4,185,936 for the Anhing Logo with "A CARAVELLE", registered August 7, 2012, for use by Anhing in connection with "duck eggs; eggs; processed eggs," in Class 29;

///

c. U.S. Registration No. 3,400,490 for the Anhing Logo, registered March 25, 2008, for use by Anhing in connection with "coffee, beverages made of coffee, coffee-based beverages containing milk, tea, beverages made of tea, beverages made of tea from Thailand, beverages made of ginseng tea, herbal tea," in Class 30; and for "fruit juices, namely, orange juice, coconut juice, guava juice and tamarind juice; aloe vera drinks; herbal juices, namely juice made from basil seeds," in Class 32;

d. U.S. Registration No. 1,653,810 for the Anhing Logo, registered August 13, 1991, for use by Anhing in connection with "canned fruit and canned vegetables," in Class 29; and

e. U.S. Application No. 85335154 for the Anhing Logo with "CARAVELLE", filed on June 1, 2011, for use by Anhing in connection with "Sesame oil, olive oil, seafood, canned seafood, soups, broth, dried mushrooms, dried edible fungi, dried edible seaweed, processed edible seeds, pork rinds, vegetable-based snack foods, processed garlic, processed onions, dried vegetables," in Class 29, based on first use in commerce as of August, 1987; and for "Candy, fruit jelly, flavored and sweetened gelatin desserts, cookies, bakery goods, sauces, chili sauce, soy sauce, fish sauce, curry sauce, chili oil, sweet and sour sauce, seasoning pastes, gravy, spices, dried chili peppers, salt, sea salt for cooking, pepper," in Class 30, based on first use in commerce as early as October, 1980.

Attached collectively hereto as **Exhibit A** are true and correct copies of Anhing's above-referenced Certificates of Registration and the TDSR record of the pending application as downloaded from the USPTO website, www.uspto.gov.

///

25. All of Anhing's above-referenced trademark registrations are valid and subsisting and provide *prima facie* evidence of Anhing's ownership of the Anhing Marks and of its exclusive right to use the Anhing Marks in the United States for food products. Registration Nos. 1,266,472, 3,400,490, and 1,653,810 are also incontestable under Section 15 of the Lanham Act.

26. The Anhing Marks are also registered in other countries, including China, Vietnam, Thailand and Taiwan.

27. The Anhing Marks are inherently distinctive.

28. Anhing has sold a variety of goods, including but not limited to fish sauce, under its Anhing Marks continuously since at least October 1980. Annual sales volumes of Anhing's products sold under the Anhing Marks have exceeded nine (9) million dollars. From 1980 to present, Anhing's sales of its branded products have exceeded $250,000,000.00. Anhing's products are sold through 100 distributors and 700 retailers throughout the entire United States.

29. By virtue of this use, the public has come to associate the distinctive Anhing Marks with Anhing's food products, consequently allowing Anhing to build a valuable reputation in connection with its Anhing Marks. Anhing has expended considerable time, effort and money in advertising and otherwise promoting its products and encouraging the public and trade to recognize its Anhing Marks. As such, Anhing has acquired extensive goodwill in and common law interest rights to the Anhing Marks, and variations thereof, in connection with Asian food products, including but not limited to fish sauce, other sauces, canned soups, broths, meat, and seafood; medicated oil, rice and beans, seasonings and spices; pickled, preserved and dried products; confections; dessert mix; beverages; cosmetic and household products; frozen meats, seafood, fruits and vegetables.

30. As a result of the longstanding, continuous and extensive use of the Anhing Marks for more than 30 years, the marks have become famous in the minds of consumers in connection with food products.

**B. Defendants' Unauthorized Activities**

31. As set forth above, according to publicly available USPTO records, on April 29, 2011, Viet Phu filed an application, Serial No. 85/308,962, to register the RED BOAT & Design mark, claiming first use of that mark on February 3, 2011.

32. USPTO records confirm that Viet Phu's application was abandoned on July 4, 2012 for failure to timely respond to an issued Office Action.

33. Viet Phu's claimed date of first use of February 3, 2011 is long after Anhing's own prior established trademark rights for the Anhing Marks.

34. USPTO records for Viet Phu's trademark application No. 85/308,962 include a description of the mark, in relevant part as follows:

> *The color(s) red and black is/are claimed as a feature of the mark. The mark consists of Silhouette of Asian style sail boat, also known as a junk ship, with "red boat" wording below boat logo.*

35. Upon information and belief, although Viet Phu abandoned its application for the Red Boat Design, it is still using that mark extensively on certain food products, including fish sauce.

36. In doing so, Viet Phu is using a virtually identical version of the Anhing Marks to offer competing products to the same consumers and using the same marketing channels.

37. The RED BOAT & Design mark is confusingly similar to the Anhing Marks in sight, sound and meaning.

38. Viet Phu's use of the RED BOAT & Design mark is without authorization or permission from Anhing.

39. Viet Phu, without Anhing's permission, has knowingly and willfully used, reproduced and/or copied and infringed the CARAVELLE mark.

40. Upon information and belief, the products at issue were manufactured for, and in accordance with the specifications of Defendant, Viet Phu by Defendant, An N Cuong Co., Ltd. ("An N Cuong"), located in Viet Nam.

41. Upon information and belief, DOE Defendants 1 through 100 have assisted, cooperated with and conspired with Viet Phu to purchase, advertise, promote, distribute and/or sell products bearing the RED BOAT & Design mark without Anhing's authorization.

42. Unless enjoined, Defendants will continue to use the RED BOAT & Design mark in connection with food products, including but not limited to fish sauce, which is likely to further cause consumer confusion and dilute the strength and valuable reputation of the Anhing Marks.

**COUNT ONE**

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

**(Against All Defendants)**

43. Anhing re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-42 above herein.

44. The federally registered Anhing Marks and goodwill of the business associated therewith in the United States are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with products of the highest quality and reputation with Anhing as the source of origin.

45. Upon information and belief, without Anhing's authorization or consent, and having knowledge of Anhing's well-known and prior rights in the Anhing Marks, Defendants are using the RED BOAT & Design mark in connection with competing Asian food products including fish sauce.

46. Upon information and belief, Viet Phu's products are marketed to the consuming public in direct competition with Anhing's own food products in interstate commerce.

47. Defendants' use in commerce of the RED BOAT & Design mark is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of Viet Phu's product, and is likely to deceive the public into believing that

Viet Phu's product originates from, is associated with or is otherwise authorized by Anhing, all to the damage and detriment of Anhing's reputation, goodwill and sales.

48. Defendants' reproduction, counterfeiting, copying or colorable imitation of the Anhing Marks as applied to Viet Phu's labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be use and used in commerce upon or in connection the sale or re-sale, offering for sale or re-sale, distribution or advertising of goods and services is likely to cause confusion, mistake, or deception among the general purchasing public as to the origin of Viet Phu's unauthorized product, and is likely to deceive the public into believing that unauthorized product being sold by Defendants originates from, is associated with or is otherwise authorized by Anhing, all to the damage and detriment of Anhing's reputation, goodwill and sales.

49. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114.

50. Anhing has no adequate remedy at law and, if Defendants' activities are not enjoined, Anhing will continue to suffer irreparable harm and injury to its goodwill and reputation. Anhing is therefore entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

51. Pursuant to 15 U.S.C. Section 1117, Anhing is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of its unauthorized products, and the costs of this action. Furthermore, the foregoing actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus entitling Anhing to recover treble damages and reasonable attorneys' fees.

/ / /

/ / /

/ / /

/ / /

/ / /

## COUNT TWO

**(Unfair Competition and False Designation of Origin)**

**(15 U.S.C. § 1125(a))**

**(Against All Defendants)**

52. Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-51 of this Complaint.

53. The unauthorized product being offered for sale by Defendants is of the same general nature and type as products sold and offered for sale by Anhing under the Anhing Marks and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

54. By using a confusingly similar mark, Defendants misrepresent and falsely describe to the general public the origin and source of their unauthorized products and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such products.

55. Defendants' unlawful, unauthorized, and unlicensed acquisition, purchase, distribution, offer for sale and/or re-sale, sale and/or resale of their unauthorized products creates express and implied misrepresentations that the unauthorized products were created, authorized or approved by Anhing, all to Defendants' profit and Anhing's great damage and injury.

56. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' use of the RED BOAT & Design mark, in connection with Defendants' goods, in interstate commerce constitutes a false designation of origin and unfair competition.

57. Anhing has no adequate remedy at law and, if Defendants' activities are not enjoined, Anhing will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

58. As a result of Defendants' activities, Anhing has been damaged in an amount to be determined at trial, and including but not limited to the costs of this

action. Furthermore, Anhing is entitled to recover treble damages and reasonable attorneys' fees.

**COUNT THREE**

**(Federal Trademark Dilution)**

**(15. U.S.C. § 1125(c))**

**(Against All Defendants)**

59. Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-58 of this Complaint.

60. The Anhing Marks are "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c)(1) and have been famous marks prior to Defendants' conduct as alleged herein.

61. Defendants' use, advertisement, distribution, offer for sale and/or re-sale and sale and/or re-sale in commerce of its unauthorized product in connection with the RED BOAT & Design mark dilutes the distinctive quality of the Anhing Marks and is being done with the willful intent to trade on Anhing's reputation and/or to cause dilution of the Anhing Marks.

62. Defendants' unauthorized use of the RED BOAT & Design mark on or in connection with unauthorized products is being done with notice and full knowledge that such advertisement, distribution, offer for sale and/or re-sale and sale and/or re-sale was not authorized or licensed by Anhing.

63. Defendants' aforesaid acts are in knowing and willful violation of Anhing's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

64. Anhing has no adequate remedy at law and, if Defendants' activities are not enjoined, Anhing will continue to suffer irreparable harm and injury to its goodwill and reputation. Anhing is therefore entitled to injunctive relief pursuant to 15 U.S.C. Sections 1116 and 1125(c).

65. As a result of Defendants' illegal activities, Anhing has been damaged in an amount to be determined at trial, and including the costs of this action.

Furthermore, Anhing is entitled to recover treble damages and reasonable attorneys' fees.

**COUNT FOUR**

**(Common Law Trademark Infringement)**

**(Against All Defendants)**

66. Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-65 of this Complaint.

67. Anhing has built up valuable goodwill in the Anhing Marks.

68. With full knowledge of the fame of the Anhing Marks, Defendants have traded, and continue to trade, on the goodwill associated with the Anhing Marks, misleading the public into assuming a connection between Defendants' unauthorized product and Anhing.

69. Defendants' acts of trademark infringement cause confusion and mislead and deceive the public as to the source of Defendants' unauthorized product, permit Defendants to pass off Viet Phu's unauthorized product as Anhing's product and falsely suggest a connection between Defendants and Anhing. Unless restrained by this Court, this will continue, in violation of the common law of the State of California and to the detriment of Anhing and the unjust enrichment of Defendants.

70. Defendants' acts of trademark infringement have caused and will continue to cause Anhing irreparable harm unless restrained by this Court. Anhing is therefore entitled to injunctive relief.

71. Anhing has no adequate remedy at law.

**COUNT FIVE**

**(California Trademark Dilution)**

**(California Business and Professions Code § 14335)**

**(Against All Defendants)**

72. Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-71 of this Complaint.

73. Defendants' acts have caused damage to Anhing by tarnishing Anhing's valuable reputation and diluting or blurring the distinctiveness of the famous Anhing Marks in violation of California Business and Professions Code § 14335, and will continue to tarnish and destroy the value of the CARAVELLE mark unless enjoined by this Court. Anhing is entitled to injunctive relief.

74. Anhing has no adequate remedy at law.

**COUNT SIX**

**(California State Unfair Competition)**

**(California Business and Professions Code §§ 17200 *et seq.*)**

**(Against All Defendants)**

75. Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-74 of this Complaint.

76. California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

77. Defendants have committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendants are likely to cause injury to Anhing's reputation and result in Defendants' unfairly competing with Anhing in violation of the UCL.

78. Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Anhing; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such action constitute incipient violations of state and federal antitrust laws.

/ / /

/ / /

/ / /

/ / /

79. Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

80. Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above. Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

81. The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

82. As a direct and proximate result of the aforementioned acts by the Defendants, Anhing has suffered a monetary loss in an amount to be proven at trial. Accordingly, Anhing is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

83. Defendants' conduct has injured Anhing and unless enjoined, will continue to cause great, immediate and irreparable injury to Anhing.

84. Anhing is without an adequate remedy at law.

85. Anhing is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

## PRAYER

**WHEREFORE**, Anhing demands judgment:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederated, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

///

a. from using in any manner the RED BOAT & Design mark, alone or in combination with any word or words which so resemble said trademark as to be likely to cause confusion, or to cause mistake or to deceive on or in connection with the advertising, offering for sale or re-sale, sale or re-sale of any product not Anhing's or not authorized by Anhing;

b. from passing off, inducing, or enabling others to sell or pass off any product as Anhing's product, including but not limited to the sale of any product under the RED BOAT & Design mark;

c. from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Anhing, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Anhing;

d. from further diluting and infringing the Anhing Marks and damaging Anhing's goodwill;

e. from otherwise competing unfairly with Anhing;

f. from ordering, receiving, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Anhing, or authorized by Anhing to be sold or re-sold or offered for sale or re-sale, and which bear the RED BOAT & Design mark;

g. from manufacturing, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Anhing, or authorized by Anhing to be sold or re-sold or offered for sale or re-sale, and which bear the RED BOAT & Design mark;

2. That Defendants be required upon service of this Complaint to immediately deliver up to Anhing any and all products, guarantees, circulars, price lists, labels, customer lists, designs, prints, packages, wrappers, pouches, receptacles, software, videos, photographs, depictions, templates, models, machinery, advertising matter, promotional and other materials or documents in the possession of Defendants

or under their control relating to Anhing and/or relating or bearing the RED BOAT & Design mark alone or in combination with any other words, or used in connection with the advertising, offering for sale or re-sale or sale or re-sale of products obtained or purchased without Anhing's authorization for the purposes of sale or re-sale.

3. That Defendants be required upon service of this Complaint to immediately supply Anhing with a complete list of entities and/or individuals from whom they purchased and to whom they distributed and/or sold or re-sold any products not authorized by Anhing to be sold or re-sold in connection with the RED BOAT & Design mark.

4. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Anhing a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 3, above.

5. That Defendants account for and pay over to Anhing profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages from infringement of the Anhing Marks be increased by a sum not exceeding three times the amount thereof as provided by law.

6. That Anhing be awarded statutory damages in an amount to be determined at trial for Defendants' willful counterfeiting of the Anhing Marks.

7. That Anhing be awarded punitive damages in an amount to be proven at trial.

8. That Anhing be awarded reasonable attorney's fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

///

///

///

///

9. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

DATED: June 17, 2013

EZRA BRUTZKUS GUBNER LLP

By: ______________________

JEFFREY A. KOBULNICK
MARK D. BRUTZKUS
JOSEPH ROTHBERG
Attorneys for Plaintiff
**ANHING CORPORATION**

## JURY TRIAL DEMANDED

Anhing Corporation hereby demands a trial by jury of all issues so triable.

DATED: June 17, 2013

EZRA BRUTZKUS GUBNER LLP

By: [signature]

JEFFREY A. KOBULNICK
MARK D. BRUTZKUS
JOSEPH ROTHBERG
Attorneys for Plaintiff
**ANHING CORPORATION**