1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ANHING CORPORATION, a California corporation, | Case No. CV13-04348 BRO (JCGx) |
|---|---|
| Plaintiff, | **[DISCOVERY MATTER]** |
| v. | **[~~PROPOSED~~] PROTECTIVE ORDER** |
| VIET PHU, INC., a California corporation; and DOES 1-10, | |
| Defendants. | |

## 1. GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of highly sensitive personal financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by persons and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## 2. DEFINITIONS

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>Trade Secret</u>: information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or

use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

2.4 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) which shall only be disclosed to the parties to this litigation and their respective house and outside counsels, as set forth in section 7.2 below.  Such information should fall into one or more of the following categories:  (i) sales, marketing, or product or service development strategies, tactics or plans; (ii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; and (vi) third-party documents covered by an obligation of confidentiality.

2.5. <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that are extremely sensitive — such as trade secrets or highly sensitive business or product expansion plans or developments — and whose disclosure to any person other than the parties' respective outside counsel (Ezra Brutzkus Gubner LLP for Plaintiff, Anhing Corporation and Davis Wright Tremaine LLP and Whiteford, Taylor and Preston LLP for Defendant Viet Phu, Inc.), as set forth in section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7. <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.9. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.10. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11. <u>In-House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.12. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.13. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

Any Protected Material (as defined above) may not be disseminated or disclosed outside the parameters of the Order, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Nothing contained herein, however, is intended to limit or prevent parties from introducing evidence at trial to prove its case.  The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District

Court Judge assigned to this matter as the need may arise. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, destroy it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

**5.  DESIGNATING PROTECTED MATERIAL**

 5.1. <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulation and Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.

Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions as provided for in the Federal Rules of Civil Procedure.

5.2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains protected material.

A Designating Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection only to the inspecting Party's outside attorney(s), and shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party's outside attorney(s) have identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other proceedings</u>, that the Designating Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days after the date of mailing of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty (20) day period shall be covered by the provisions of this Stipulated Protective Order.

Where, in good faith, it is anticipated by counsel for the Party or non-party who is testifying that the response to a question or series of questions could qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection, then, on the record, counsel for the testifying Party or non-party shall ask all Party representatives of any other Party or non-parties to leave the deposition room during such testimony. Upon the completion of the questioning that is believed to qualify for "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection, all previously excluded individuals shall be allowed to reenter the deposition room.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to conspicuously on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

portions, specifying whether they qualify as "Confidential" or as "Highly Confidential —Attorneys' Eyes Only."

        (d)   <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, subject to the provisions below. Any inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall further not act as a waiver to so designate any other information or item.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1.  <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

    6.2.  <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be jointly

stipulated and filed pursuant to Local Rule 37, unless the circumstances justify the filing of an ex parte application.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party solely in connection with prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following final resolution of the litigation, a Receiving Party shall comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. If a party wishes to disclose Protected Material to an expert witness or consultant where said Protected Material was produced by another party, the expert or consultant shall agree in writing, in the form attached hereto as Exhibit A to this Protective Order, to be bound by the provisions of this Protective Order, before being shown such material, and the party seeking to disclose the Protected Material shall serve on opposing counsel a copy of Exhibit A signed by the expert or consultant, a copy of the expert's or consultant's updated curriculum vitae, and a list of all his or her prior employment or consultancies for the previous five years, to the opposing party.  Counsel receiving notice that another party seeks to disclose Protected Material to an expert or consultant shall have up to five (5) calendar days to raise objections to such disclosure.  No Protected Material shall be disclosed to such expert or consultant during that five (5) calendar day period unless the parties agree during that time that disclosure is acceptable.  The parties agree that they will only interpose good faith

objections. If an objection is timely made, the party opposing the disclosure shall, within ten (10) calendar days of the date of the objection, move the Court for a Protective Order. The objecting party must show good cause why the proposed disclosure should not be permitted. Failure to move for a Protective Order within that time frame shall be deemed a withdrawal of the objection. All notifications and objections made pursuant to this provision shall be in writing and served by email on all counsel of record for the receiving party. No disclosure of Protected Material shall be made until the parties resolve the dispute, the objection is withdrawn, or the Court denies the opposing party's motion for a Protective Order.

      7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of record in this action;

    (b) Experts (as defined in this Order) to whom disclosure is reasonably necessary and for which the notice set forth in Section 7.2 has been provided;

    (c) the Court and its personnel;

    (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

    (e) the author and named recipients of the document of the document, persons who have previously had access to the documents or Confidential Information other than through discovery or disclosures in the litigation, or the original source of the information.

Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to its client informed and meaningful advice, or to prevent counsel from aggregating and generally summarizing counsel's interpretation of the implications of such information as it relates to the litigation, so long as it will not reveal or disclose the specific contents of any document or information designated as "Attorneys' Eyes Only".

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than four court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

In the event that counsel for any party decides to file with or submit to the Court any Protected Material, counsel shall provide written notice to the other party and shall take appropriate steps to ensure the continuing confidentiality of the Protected Material. Counsel for the party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

If a Party at any time notifies any other Party that it inadvertently produced documents or information that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers apparently privileged or work product material, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall notify the Producing Party of any discovery of

any apparently privileged material.  In addition, the obligations of the Receiving Party shall be those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12. MISCELLANEOUS**

    12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party, waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3. <u>Effect of Designation on Authenticity and Admissibility</u>.  The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

    12.4. <u>Continuing Jurisdiction</u>.  All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED this 11th day of March, 2014.

_____
HON. JAY C. GANDHI
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

896072.DOCX